

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# Lai v. Dist V C Ethics Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lai v. Dist V C Ethics Comm" (2009). *2009 Decisions.* Paper 1148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1121
_____

KATHARINE LAI

v.

DISTRICT V-C ETHICS COMMITTEE; ROBERT WASSERMAN;
WASSERMAN, JURISTA & STOLZ; BRUCE WISOTSKY;
RAVIN GREENBERG; JULIAN WILSEY; FRANZBLAU DRATCH

Bruce Wisotsky; Ravin Greenberg;
Julian Wilsey; Franzblau Dratch,

Appellants

_____

On Appeal from the United States District Court
for the District Court of New Jersey
District Court No. 06-cv-02661
District Judge: The Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 24, 2009

Before: BARRY, SMITH, *Circuit Judges*
and RESTANI, *Judge*[*]

(Filed:  June 24, 2009)

_____

[*]The Honorable Jane A. Restani, Chief Judge for the United States Court of
International Trade, sitting by designation.

1

SMITH, *Circuit Judge.*

Bruce Wisotsky ("Wisotsky"), Ravin Greenberg, P.C. ("Ravin"), Julian Wilsey ("Wilsey"), and Franzblau Dratch, P.C. ("Franzblau", collectively "Appellants") appeal an order from the District Court of New Jersey granting their Rule 11 motion as to sanctions but denying it as to fees. For the reasons that follow, we will affirm.

This case arises out of Katherine Lai's ("Lai") *pro se* bankruptcy filing in 2001. The Bankruptcy Court appointed Ravin as Trustee's counsel, and Wisotsky primarily worked on the file for the law firm. As part of the bankruptcy proceedings, Ravin filed an adversary proceeding against a company owned by Lai. After a contentious series of motions, Lai filed a complaint in the Superior Court of New Jersey against Ravin and Wisotsky related to their involvement in her bankruptcy claim. Ravin retained Franzblau for its defense, and Wilsey worked on the case for Franzblau. The state case was removed to the Bankruptcy Court in May 2002, and the Court dismissed the complaint and enjoined Lai from filing further claims related to the bankruptcy proceeding without Court permission. Nonetheless, Lai filed a federal action alleging discrimination by Raven and Wisotsky. Appellants filed a motion to dismiss and a motion for the imposition of Rule 11 sanctions. The District Court granted both motions, but opted to impose a non-monetary sanction. Appellants appealed the District Court's denial of their

2

request for attorney fees.[1]

We review a district court's decision to grant or deny a request for attorney fees for an abuse of discretion.[2] *Simmerman v. Corino*, 27 F.3d 58, 61 (3d Cir. 1994). "[W]e evaluate the court's factual determinations, legal conclusions, and choice of an 'appropriate sanction' with substantial deference, considering . . . only whether those determinations are contrary to reason or without a reasonable basis in law and fact." *Id.* at 62 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

In this case, we do not believe that the District Court abused its discretion when it denied Appellants' request for monetary sanctions. After stating that it "discern[ed] no merit" in and found "no valid support" for Lai's claims, the District Court imposed an appropriate sanction on Lai. It directed that she may not file another lawsuit or proceeding for any reason related to the bankruptcy proceeding against Appellants without the Court's permission. Furthermore, despite its denial of the fees request, the District Court stated that "a request for fees and other monetary sanctions would be appropriate if Plaintiff fails to comply with the Orders of this Court." Because we believe that the District Court provided a sufficient sanction while leaving open the possibility for additional sanctions if Lai violates the terms of the Court's order, we do not find that the

---

[1]As we write for the benefit of the parties alone, who are familiar with the facts and procedural history of this case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

[2]The District Court had jurisdiction under 28 U.S.C. § 1331, and this Court has jurisdiction under 28 U.S.C. § 1291.

3

District Court abused its discretion.  We will affirm the District Court's order.